UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: DALE L. PERDUE,** | ) | **CASE NO. 1:04 MC 00073** |
| | ) | |
| Debtor. | ) | **BNK CASE. NO. 00-13376** |
| _____ | ) | **ADV. PRO. NO. 04-01268** |
| **DALE L. PERDUE,** | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **KERRY KILLENGER, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion for Reconsideration. (Dkt. # 9). On April 6, 2005, the Court denied Defendants' Motion to Withdraw Reference of Adversary Proceeding ("Motion to Withdraw Reference"). (Dkt. # 8). On April 25, 2005, Defendants filed the instant Motion requesting that the Court reconsider its April 6, 2005, Order. Also before the Court is Plaintiff's Opposition to Defendants' Motion for Reconsideration. (Dkt. # 10).

**I. BACKGROUND**

In their Motion for Reconsideration, Defendants argue that the Home Owners Loan Act, 12 U.S.C. § 1461 ("HOLA"), preempts Plaintiff's state law claims, and that withdrawal of the reference is, therefore, mandatory. Defendants insist that the Court incorrectly determined that Defendants had not presented an issue of preemption because

1

they did not identify a specific regulation that preempts the state claims at issue. For the reasons that follow, Defendants' Motion for Reconsideration is **DENIED**.

## II. LAW AND ANALYSIS

Although the Federal Rules of Civil Procedure do not explicitly allow for a Motion for Reconsideration, the Sixth Circuit has often treated a timely-filed motion for reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 382 (6th Cir. 1991). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 833 (6th Cir. 1999). Although the court has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances. Longs v. Wyeth, 621 F. Supp. 2d 504, 507 (N.D. Ohio 2009).

A federal law or regulation, including HOLA, may preempt state law in one of two ways: by field preemption or by conflict preemption. Field preemption applies when Congress intends to occupy an entire field, and thus "any state law falling within that field is preempted." Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984); United States v. Kentucky, 252 F.3d 816, 822 (6th Cir. 2001). On the other hand, conflict preemption applies to preempt state laws "to the extent [they] actually conflict[] with federal law." Silkwood, 464 U.S. at 248. A law actually conflicts either when it is "impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." Id.

2

In their Motion to Withdraw Reference, Defendants argued that raising HOLA as a defense would require a determination of whether HOLA preempts Ohio's public policy proscription against recovery of attorneys' fees. In its April 6, 2005, Order, the Court held that Defendants failed to specify *how* HOLA might preempt Ohio public policy governing attorneys' fees. In their Motion for Reconsideration, Defendants now contend that the Court's opinion improperly applied the standard of conflict preemption rather than the standard of field preemption, and thus they should not be required to specify any regulation that actually conflicts with Ohio law. This Court may only accept Defendants' arguments if it is convinced that the Court made a clear error of law in its previous Order.

As a general matter of field preemption, "a state law may be preempted even where no federal law exists to replace it." Crespo v. WFS Fin., Inc., 580 F. Supp. 2d 614, 620 (N.D. Ohio 2008). However, Defendants have not shown that field preemption applies in the context of attorneys' fees. The Office of Thrift Supervision ("OTS"), pursuant to its authority under HOLA, promulgated 12 C.F.R. § 560.2, which states in relevant part: "OTS hereby occupies the *entire field* of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a) (emphasis added). However, the actual preemptive effect of § 560.2 is not as broad as the language of the regulation seems to suggest. Subsection (c) of the regulation lists specific types of laws uniquely within the purview of the states and provides that they "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purpose of paragraph (a)." 12 C.F.R. § 560.2(c).

3

Defendants rely on Bank of America v. City and County of San Francisco, 309 F.3d 551 (9th Cir. 2002), for the proposition that field preemption applies under § 560.2(a). The Ninth Circuit in Bank of America does acknowledge that "regulation of federal savings associations by the OTS has been so pervasive as to leave no room for state regulatory control." Id. at 558 (internal citations omitted). However, the Ninth Circuit immediately goes on to say that "[s]tate regulation of banking is permissible when it 'does not prevent or significantly interfere with the national bank's exercise of its powers.'" Id. at 558-59 (quoting Barnett Bank v. Nelson, 517 U.S. 25, 33 (1996)).

The Ohio Supreme Court similarly recognized that not "every state law having any conceivable connection to the lending operations of federal savings associations is preempted." Pinchot v. Charter One Bank, 792 N.E.2d 1105, 1114-15 (Ohio 2003) (quoting Wash. Mut. Bank v. Superior Court, 115 Cal. Rptr. 2d 765, 775 (Cal. Ct. App. 2002)). Actually, § 560.2 expressly "preserves the viability of certain state laws," Konynenbelt v. Flagstar Bank, 627 N.W.2d 706, 713 (Mich. Ct. App. 2000), to the extent "that they only incidentally affect the lending operations of Federal savings associations," Haehl v. Washington Mutual Bank, 277 F. Supp. 2d 933, 942 (S.D. Ind. 2003). The fact that state laws not having a significant effect on lending practices are explicitly removed from HOLA's preemption shows that there is not complete field preemption in this area, because "[h]ad Congress intended to completely occupy the field, it would not have excepted certain state laws." Konynenbelt, 627 N.W.2d at 713.

HOLA's field preemption under §560.2 is, therefore, limited to actual regulation of lending-related practices of federal associations. Am. Bankers Ass'n v. Lockyer, 239

4

F. Supp. 2d 1000, 1011 (S.D. Cal. 2002). The types of state laws which are preempted include those "purporting to impose requirements regarding the terms of credit and law purporting to impose requirements regarding loan-related fees." (Dkt. # 8 at 5). Section 560.2 does not preempt regulations of practices before or after a loan is made or credit is extended. See In re Countrywide Fin. Corp., 601 F. Supp. 2d 1201, 1222 (S.D. Cal. 2009) (finding unjust enrichment claims not to be preempted by § 560.2); Alkan v. Citimortgage Inc., 336 F. Supp. 2d 1061, 1064 (N.D. Cal. 2004) (finding the CFDCPA, which regulates the permissible practices for attempting to collect a large debt, not to be preempted by HOLA); Pinchot v. Charter One Bank, 792 N.E.2d 1105, 1115-16 (Ohio 2003) (holding that Ohio's mortgage-satisfaction recording requirements are not preempted by § 560.2).

This Court, in its April 6, 2005, Order, found that Defendants may not simply assert that "HOLA preempts the entire field of loan-related fees" and must identify a specific regulation which would preempt Ohio's policy on attorneys' fees. (Dkt. # 8 at 9). Defendants argue in their Motion for Reconsideration that field preemption applies, and that Ohio's public policy on attorneys' fees is therefore necessarily preempted. However, all of the preceding cases show that HOLA does not completely occupy the field and that many state laws incidentally affecting lending are not preempted. Therefore, Ohio's policy on attorneys' fees is not necessarily preempted, and we cannot say that the Court committed a clear error of law in finding that mandatory withdrawal was unwarranted.

### III. CONCLUSION

Defendants note that they are not asking this Court to decide the preemption issue here, nor would it be appropriate for this Court to do so at this point. However, the Defendants' assertion that, simply because § 560.2 purports to occupy the entire field of lending regulation, HOLA also preempts the entirety of Ohio's public policy against the recovery of attorneys' fees in the instant matter is incorrect. The Court has reviewed Defendants' Motion for Reconsideration (Dkt. # 9) and finds no basis for reconsidering its April 6, 2005, Order that mandatory withdrawal of the reference is not warranted. Accordingly, Defendants' Motion for Reconsideration is hereby **DENIED**. (Dkt. # 9).

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– November 10, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**