# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DALE L. PERDUE, | ) | CASE NO. 1:04 MC 00073 |
| | ) | |
| **Debtor.** | ) | BNK CASE. NO. 00-13376 |
| _____ | ) | ADV. PRO.  NO. 04-01268 |
| DALE L. PERDUE, | ) | |
| | ) | |
| **Plaintiff,** | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| **v.** | ) | |
| | ) | MEMORANDUM OPINION |
| FEDERAL DEPOSIT INSURANCE | ) | AND ORDER |
| CORPORATION as Receiver for | ) | |
| WASHINGTON MUTUAL BANK, | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon Defendant's Motion to Vacate November 10 Order and Set Briefing Schedule, Or, in the Alternative, Motion to Certify Interlocutory Appeal ("Motion to Vacate").  (Dkt. # 24).  Also before the court is Plaintiff's Memorandum in Opposition.  (Dkt. # 26).  Additionally, Defendant has filed a Reply. (Dkt. # 27).

## I.  BACKGROUND

On April 6, 2005, this Court issued an Order denying Defendants' Motion to Withdraw Reference of Adversary Proceeding.  (Dkt. # 8).  On April 25, 2005, Defendants filed a motion which requested that the Court reconsider its April 6, 2005, Order, and argued that Ohio's policy on attorneys' fees was preempted by the Home

Owners Loan Act, 12 U.S.C. § 1461 ("HOLA"), and thus that mandatory withdrawal was necessary. (Dkt. # 9).

On December 19, 2008, while the Motion for Reconsideration was pending, Defendant Washington Mutual Bank ("WMB") filed a Motion to Substitute Party. (Dkt. # 13). That Motion was granted by this Court on December 30, 2008, and Federal Deposit Insurance Corporation ("FDIC") was substituted in its capacity as a Receiver for WMB as Defendant in the instant matter. (Dkt. # 14). As a result of the substitution, the case was initially stayed for 90 days, and then was again stayed until August 14, 2009, to allow Plaintiff to exhaust his mandatory administrative claims under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"). On October 30, 2009, at the expiration of the second stay, Plaintiff moved to have the case moved to the active docket, (Dkt. # 19), which was granted by this Court on November 2, 2009.

On November 10, 2009, this Court issued an Order construing Defendant's April 25, 2005, Motion for Reconsideration as a motion pursuant to Federal Rule of Civil Procedure 59(e). This Court denied Defendant's Motion because Ohio's policy on attorneys' fees falls under HOLA's exception to preemption pursuant to 12 C.F.R. § 560.2(c). (Dkt. # 20). Defendant then filed the instant Motion to Vacate, requesting that this Court reconsider its Order on the Defendant's previous Motion for Reconsideration. (Dkt. # 24).

In its Motion to Vacate, Defendant argues that because the briefing on the first Motion for Reconsideration was completed in 2005, four years before this court issued its

2

Order in November, 2009, the Court's Order must be vacated.  Alternatively, Defendant requests that this Court certify the issue for interlocutory appeal.  For the reasons set forth below, Defendant's Motion to Vacate is **DENIED** and Defendant's alternative Motion to Certify Interlocutory Appeal is **GRANTED**.

## II.  LAW AND ANALYSIS

Defendant has filed the instant Motion to Vacate pursuant to Rule 59(e), which is a motion to alter or amend a judgment.  In the instant matter, Defendant is seeking to alter an Order on a previous motion to alter or amend a judgment.  The Federal Rules of Civil Procedure do not specifically allow for or prohibit successive Rule 59(e) motions.

As this Court stated in its previous Order, a motion to alter or amend judgment may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 833 (6th Cir. 1999).  Although courts have authority to do so, courts will only reconsider their prior ruling in rare and unusual circumstances.  Longs v. Wyeth, 621 F. Supp. 2d 504, 507 (N.D. Ohio 2009).  In the instant matter, because Defendant's Motion to Vacate accuses this Court of failing to take note of recent binding case law, this Court will review the Motion to Vacate on the merits.

### A. __HOLA__

In its Motion to Vacate, Defendant argues that "there have been major developments in the case law concerning the preemption of state law under HOLA since 2005, when briefing on the previous Motion for Reconsideration was completed. (Dkt. #

24-1 at 2).  However, contrary to Defendant's argument that "this Court was not given the benefit of considering this controlling precedent," (Dkt. # 24-1 at 7), this Court did consider the most recent case law in its Order.

Defendant argues that in <u>State Farm Bank, FSB v. Reardon</u>, 539 F.3d 336 (6th Cir. 2008), a case binding on this Court, the Sixth Circuit engaged in broad HOLA preemption analysis, contradicting the conclusion reached by this Court in its November 10, 2009, Order.  Additionally, Defendant argues that other circuit cases have applied field preemption analysis to HOLA regulations.  <u>See</u> <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F.3d 1001 (9th Cir. 2008).

In <u>State Farm Bank</u>, the court held that the state regulations at issue in that case were preempted by HOLA.  However, the Sixth Circuit came to that conclusion because they "fit[] within the categories of state laws that are *expressly* preempted by OTS regulations."  <u>State Farm Bank</u>, 539 F.3d at 341 (emphasis added).  The court then distinguished express preemption, which "exists where either a federal statute or regulation contains explicit language indicating that a specific type of state law is preempted," from implied preemption, which is "subdivided into 'field preemption' and conflict preemption.'"  <u>Id.</u> at 341-42.  Therefore, <u>State Farm Bank</u> could not have been applying field preemption analysis because field preemption only occurs in implied preemption cases, not where express preemption applies.  In discussing the scope of preemption under 12 C.F.R. § 560.2, the Sixth Circuit noted that the regulation does not only preempt state laws that "directly regulate federal savings associations," but "preempts laws 'affecting the operations of federal savings associations.'"  <u>Id.</u> at 345

4

(quoting § 560.2(a)). However, § 560.2(c) explicitly excepts from preemption laws which only "incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c). Therefore, as this Court's November 10, 2009, Order held that the state regulation at issue, attorneys' fees, fell under §560.2(c), that determination is not affected by the decision in State Farm Bank that a state regulation governing exclusive agents is expressly preempted under § 560.2(b).

Defendant also argues that field preemption applies to HOLA generally. (Dkt. # 24-1 at 7). See Silvas, 514 F.3d at 1004 ("we agree, however, with the district court, and hold that *field* preemption applies") (emphasis in original). However, even while making a broad statement that field preemption applies, the Ninth Circuit recognized that OTS developed a three step test for determining if a state law is preempted by § 560.2. Id. at 1005. First, a court must determine if the state law is expressly preempted under subsection § 560.2(b). If the law is not covered, the court must decide if the law affects lending. If it does, a presumption arises that the law is preempted, unless it falls within the confines of § 560.2(c), which is to be interpreted narrowly. Id. Again, because this Court's Order held that Ohio's law on attorneys' fees falls under the exception listed in § 560.2(c), it is consistent with Silvas. Additionally, if the Sixth Circuit had wanted to adopt the broad field preemption reasoning in Silvas it could have, as the Sixth Circuit in State Farm Bank cited Silvas multiple times. See State Farm Bank, 539 F.3d at 342, 344.

Neither State Farm Bank nor Silvas require this Court to reconsider its decision that Ohio's policy on attorneys' fees does not fall under § 560.2(b)'s express preemptions and is contained within § 560.2(c)'s exception for laws which only incidentally affect

lending.  Therefore, HOLA preemption does not require a mandatory withdrawal from the Bankruptcy Court.

**B.  FIRREA**

Defendant also argues that the substitution of FDIC as Receiver for WMB as Defendant requires the application of FIRREA, which was not applicable in 2005 when the parties briefed the question of whether withdrawal of the reference was necessary. (Dkt. # 24-1 at 5).  Defendant maintains that FIRREA will be applicable in three ways: (1) to determine whether Plaintiff may bring an action on behalf of a putative class or whether each individual in the class must have exhausted the administrative claims process; (2) to determine whether 12 U.S.C. § 1821(j) divests the court of subject matter jurisdiction, and (3) to determine whether 12 U.S.C. § 1825(b)(3) bars Plaintiff from recovering any form of punitive relief.  (Dkt. # 24-1 at 5-6).

This Court does not dispute that FIRREA will be applicable to the instant matter because of the substitution of the FDIC as Receiver for WMB.  However, the fact that FIRREA will be applied in the instant matter does not require the reference to be withdrawn.

As stated in this Court's Order on Defendants' Motion to Withdraw Reference of Adversary Proceeding, withdrawal is only mandatory when substantial and material consideration of non-Bankruptcy Code law is necessary.  (Dkt. # 8 at 3).  This "substantial and material" consideration approach is the majority approach, and has been adopted by nearly all the districts in the Sixth Circuit, including the Northern District of Ohio.  See Holland v. LTV Steel Co., 288 B.R. 770, 773 (N.D. Ohio 2002).  See also

Angelucci v. Farmers Bank & Trust Co. (In re Angelucci), No. 09-70-JMH, 2009 U.S. Dist. LEXIS 24233, *6 (E.D. Ky. March 23, 2009); Anderson v. Countrywide Home Loans, Inc. (In re Anderson), 395 B.R. 7, 11 (E.D. Mich. 2008). Substantial and material consideration means that the claim requires not only the application of non-Bankruptcy Code law, but entails *significant* interpretation of non-Bankruptcy Code law. Holland, 288 B.R. at 773. No withdrawal is necessary if the Bankruptcy Court may conduct a straightforward application to a particular set of facts. Sicherman v. Crosby (In re Rivera), 1:05-MC-065, 2005 U.S. Dist. LEXIS 23304, *5 (N.D. Ohio October 12, 2005).

Several courts have determined that the application of FIRREA to an adversary proceeding would not require material and substantial consideration of non-Bankruptcy Code law so as to require mandatory withdrawal. See, e.g., In re Sahni, 227 B.R. 748, 751 (D. Kan. 1998) (concluding that application of the fraudulent conveyance provision of FIRREA does not require withdrawal). Further, another court found that application of 12 U.S.C. § 1821(j), one of the provisions at issue in the instant matter, did not require withdrawal. In re CIS Corp., 140 B.R. 351 (S.D.N.Y. 1992).

Application of FIRREA to the instant matter will not require significant interpretation of non-Bankruptcy Code law. The Bankruptcy Court is perfectly capable of applying the provisions of FIRREA, including the jurisdictional provision, to the facts at hand. Mandatory withdrawal of the reference is not necessary and, therefore, this Court declines to vacate its November 10, 2009, Order.

### C. **Interlocutory Appeal**

Defendant requests, in the alternative, that if this Court denies the Rule 59(e) Motion to Vacate, that this Court enter an order certifying the November 10 Order and this order denying the motion to vacate the November 10 Order for an immediate interlocutory appeal.

Pursuant to 28 U.S.C. § 1292(b), an otherwise non-appealable issue may be certified for appeal if a district judge is of the opinion that an order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  See In re Lee Way Holding Co., 115 B.R. 586, 591 (S.D. Ohio 1990).   The moving party has the burden to establish "exceptional circumstances warranting review of an interlocutory order."  Mason v. Massie, 335 B.R. 362, 369 (N.D. Ohio 2005) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).   While appellate review of an order denying withdrawal of a reference is uncommon, this Court finds that in the instant matter the elements needed to certify for appeal an interlocutory order have been met.  See Caldwell-Baker Co. v. Parsons, 392 F.3d 886, 888 (7th Cir. 2004).

The first element needed to certify an appeal is that the issue must involve a controlling question of law.  In the instant matter, whether the adversary proceeding must be withdrawn to the district court is a controlling question of law.  "A legal issue can be deemed controlling 'if it could materially affect the outcome of the case.'"  St. James Inc. v. Am. Specialty Cars Holdings, LLC, 386 B.R. 187, 195-96 (E.D. Mich. 2007) (quoting

W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis), 293 F.3d 345, 351 (6th Cir. 2002)).  In the instant matter, Defendant argues that application of FIRREA affects whether the court has jurisdiction, as well as the class on whose behalf Plaintiff brings suit.  Therefore, the issue involves a controlling question of law.

The second element for certification of appeal is that there must be a substantial ground for difference of opinion.  There is very little, if any, Sixth Circuit law on whether mandatory withdrawal is appropriate in the context of FIRREA.  Moreover, courts in other circuits have taken conflicting views.  In Franklin Sav. Ass'n v. Office of Thrift Supervision, 150 B.R. 976 (D. Kan. 1993), the court found that application of FIRREA would not "entail the simple or routine application of the law to the facts," and thus that withdrawal was appropriate.  Id. at 981-82.  However, a more recent case in the same district held that the adversary proceeding would not require substantial and material consideration of FIRREA, and thus denied the withdrawal.  In re Sahni, 227 B.R. at 751. In In re CIS Corp., the court, while noting that a court in the Tenth Circuit found withdrawal on the jurisdictional issue of FIRREA mandatory, held that the same issue "does not mandate withdrawal."  Id. at 351.  Given the lack of binding Sixth Circuit law on this issue and the contradictory conclusions drawn by other circuits, there is a substantial ground for difference of opinion.

The third element needed to certify an appeal is that an immediate appeal must materially advance the ultimate termination of the lawsuit.  In the instant matter, certifying the issue for appeal would advance the ultimate termination of the lawsuit.  If

9

no appeal was taken until after the Bankruptcy Court made a decision, and then the Sixth Circuit disagrees with this Court that mandatory withdrawal is not appropriate, the proceedings conducted in the Bankruptcy Court would be "void ab initio." In re Lee Way Holding, 115 B.R. at 591.  Thus, an immediate interlocutory appeal would promote judicial economy and not waste judicial resources or the time and money of the parties. Official Comm. Of Unsecured Creditors v. Qwest Communs. Corp. (In re A.P. Liquidating Co.), 350 B.R. 752, 756 (E.D. Mich. 2006).  Therefore, resolving this issue before proceedings are conducted in the Bankruptcy Court will advance the ultimate termination of the lawsuit.

All of the elements for certification of appeal have been met.  There is a controlling issue of law on which there is substantial ground for difference of opinion, and the appeal will materially advance the termination of the lawsuit.  Therefore, this Court certifies the issue of whether FIRREA or HOLA require a mandatory withdrawal from the Bankruptcy Court for immediate appeal.

## III. CONCLUSION

After considering Defendant's Rule 59(e) Motion to Vacate November 10 Order and Set Briefing Schedule, or, in the Alternative, Motion to Certify Interlocutory Appeal, there is no ground on which this Court must reconsider its Order from November 10, 2009.  Neither State Farm Bank nor Silvas require this Court to hold that HOLA preemption requires a mandatory withdrawal from the Bankruptcy Court.  Additionally, the application of FIRREA will not require substantial interpretation of non-Bankruptcy Code so as to require a mandatory withdrawal.  Therefore, this Court again declines to

10

reconsider its previous Order and Defendant's Motion to Vacate is hereby **DENIED**. (Dkt. # 24).

However, Defendant moves in the alternative to certify the issue for appeal to the Sixth Circuit.  As there is a controlling issue of law on which there is substantial ground for difference of opinion, and the appeal will materially advance the termination of the lawsuit, Defendant's Motion for Certification of Appeal is hereby **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– March 11, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**